**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maurice McAlister and Diane S. McAlister, husband and wife, ) ) ) | No. 2:05-CV-3550-PCT-JAT |
| Plaintiffs, ) ) | **ORDER** |
| vs. ) ) ) | |
| Trailwagons of California, Inc.; et al., ) ) | |
| Defendants. ) ) ) | |

Pending before the Court is Defendant's Motion for Attorney's Fees (Doc. # 38). The Court also has considered the Affidavit of Sharon L. Nelson in Support of Motion for Attorney's Fees (Doc. # 38-2) and Defendant's Reply Regarding Its Motion for Attorney's Fees (Doc. # 39). For the following reasons, the Court will grant Defendant's Motion and award attorney's fees and expenses in the amount of $2,362.65.

I.  BACKGROUND

Defendant, Wheeler's Las Vegas R.V. ("Wheeler's"), is an R.V. dealer from which Maurice and Diane McAlister ("Plaintiffs") purchased an R.V. Plaintiffs brought suit for claims arising out of their dissatisfaction with the performance of their R.V. The matter was removed from state court on November 3, 2005. On June 29, 2007, this Court granted Wheeler's Motion to Dismiss for Failure to Prosecute (Doc. # 36), finding that Plaintiffs had not taken any action in the case for over a year and had repeatedly ignored the Court's

1  scheduling orders and show cause hearings. Wheeler's subsequently filed the present Motion
2  for Attorney's Fees, requesting that the Court award them attorney's fees and expenses as
3  a sanction on Plaintiffs under Rule 16(f) of the Federal Rules of Civil Procedure.
4  II. LEGAL ANALYSIS
5      Rule 16(f) allows for sanctions to be ordered when a party "fails to obey a scheduling
6  or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial
7  conference . . . or if a party or party's attorney fails to participate in good faith." Fed. R. Civ.
8  P. 16(f). Rule 16(f) states that the Court "shall require the party or the attorney representing
9  the party or both to pay the reasonable expenses incurred because of any noncompliance with
10 this rule, including attorney's fees." *Id.* "An award of sanctions under Fed.R.Civ.P. 16(f)
11 is within the discretion of the district court." *Ayers v. City of Richmond*, 895 F.2d 1267, 1269
12 (9th Cir. 1990). Courts may exercise "'very broad discretion'" when determining if an award
13 of expenses is appropriate as a sanction in order to "'fulfill their high duty to insure the
14 expeditious and sound management of the preparation of cases for trial.'" *Martin Family*
15 *Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 602 (E.D. Cal. 1999) (quoting *Matter*
16 *of Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984)).

17     Wheeler's has requested that the Court sanction Plaintiffs by ordering payment of
18 Wheeler's attorney's fees and expenses in the amount of $6,840.73. (Doc. # 38 at 3; Doc #
19 38-2 at 2.) Plaintiffs have failed to respond to Wheeler's Motion for Attorney's Fees, and
20 Plaintiffs have shown no justification for the repeated disregard of this Court's orders. Thus,
21 the Court finds an award of attorney's fees appropriate.

22     However, before awarding Wheeler's attorney's fees, the Court must determine whether
23 the requested fees are reasonable. The determination of the amount of reasonable attorney's
24 fees involves the analysis of numerous factors, which include:

25     [T]he number of hours "reasonably expended" by counsel; the propriety of the
26     hourly rate requested by counsel, given the skill and experience of counsel and the
27     level of sophistication required for the legal services at issue; whether counsel has
28     made a "good faith effort to exclude from [the] fee request hours that are

- 2 -

1 excessive, redundant, or otherwise unnecessary"; and the "level of success"
2 obtained through counsel's efforts.
3 *Green v. Baca*, 225 F.R.D. 612, 614-15 (C.D. Cal. 2005) (quoting *Jordan v. Multnomah
4 County*, 815 F.2d 1258, 1262-63 (9th Cir. 1987)). The Court must assess "the
5 reasonableness of the fee in light of the totality of the circumstances." *Jordan*, 815 F.2d
6 at 1263 n.7.

Here, Wheeler's has provided the Court and Plaintiffs with the time records of attorney services rendered. (Doc # 38-2.) Wheeler's attorney, Ms. Nelson, charged a rate of $135 per hour, and her paralegal charged $65 per hour. The Court is satisfied that the rates charged by Ms. Nelson are reasonable and consistent with, or lower than, the rates charged by other attorneys in the Las Vegas area.

Wheeler's requests the total attorney's fees and expenses for this matter, beginning on October 27, 2005. It is appropriate that Plaintiffs pay reasonable fees and expenses stemming from the failure to comply with the scheduling orders and show cause hearings. This Court finds that it is proper to compensate Wheeler's for the attorney's fees and expenses that were incurred between the period of October 23, 2006, when Plaintiffs first failed to appear at the scheduling conference and show cause hearing, and July 3, 2007, when Ms. Nelson made her final billing entry for this matter. (Doc. # 29; Doc. # 38-2.) During this period Wheeler's appeared on November 7, 2006, for another show cause hearing ordered by this Court, which Plaintiffs again did not attend. (Doc. # 29.)[1] On January 8, 2007, Wheeler's filed a motion to dismiss for failure to prosecute, which this Court granted. The time and expenses billed for these tasks are reasonable and resulted from Plaintiffs' failure to prosecute its claim. (Doc # 38-2.) Therefore, the Court finds that an award of attorney's fees in the amount of $2,246 and expenses in the amount of $116.60 is reasonable and appropriate.

---

[1] On November 8, 2006, the Court sanctioned Plaintiffs and Plaintiffs' counsel in the amount of $300 for Plaintiffs' repeated failure to appear. (Doc. # 32.) To date, Plaintiffs have not filed a notification of payment of the $300.

- 3 -

Accordingly,

**IT IS ORDERED GRANTING** Defendant Wheeler's Motion for Attorney's Fees (Doc. # 38) in the total amount of $2,362.60.

DATED this 25th day of March, 2008.

James A. Teilborg
United States District Judge